```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MARLENE CHAIT,                       :
                                     :
          Plaintiff,                 :   CIVIL ACTION
                                     :
     vs.                             :   No. 09-cv-940
                                     :
DELTA AIR LINES, INC., AIR           :
SERV CORPORATION and                 :
JOHN DOE/JANE DOE (1-10)             :
                                     :
          Defendants.                :
```

## Memorandum and Order

**Joyner, J.**                                        **July 30, 2009**

Presently before this Court is Plaintiff's Motion for Leave to Amend her Complaint (Doc. No.8) and Defendants' Opposition thereto (Doc. No. 14). For the reasons set forth below, the Courts GRANTS Plaintiff's Motion to Amend.

## Background

Plaintiff, Marlene Chait, commenced this action against Defendants' Delta Air Lines ("Delta"), Air Serv Corporation ("Air Serv"), and Jane and John Doe on March 5, 2009. Air Serv answered on April 17, 2009 and filed a Rule 12(c) Motion for Judgment on the Pleadings on May 8, 2009, alleging that the Plaintiff's pleadings only alleged state causes of action and were, therefore, preempted by federal law. Plaintiff now moves

1

for leave to amend the Complaint pursuant to Fed. R. Civ. P. 15(a) to include references to the specific federal aviation statutes and regulations which Plaintiff submits were violated by the Defendant.[1]

This case arose March 16, 2007 after the Plaintiff departed from Portland, Oregon on Delta Flight 1076 and arrived in Atlanta, Georgia, where she was to transfer to a connecting Delta Airlines flight en route to Philadelphia, Pennsylvania. Plaintiff was physically disabled and wheelchair bound at the time of the incident, and had arranged for assistance during the transfer with Delta Airlines.  The Defendant Air Serv was to provide wheel chair services in order to transfer Plaintiff from her seat on the Delta airplane, out of the airplane and to her connecting Delta flight to Philadelphia, Pennsylvania.  During the course of this transfer, Plaintiff avers that Defendants strapped her into the wheel chair and attempted to wheel her down the aisle of the aircraft toward the cockpit when she was caused to fall forward in the wheel chair and hit her head on the ground.  Then, the Defendant attempted three times to raise the Plaintiff upright causing her right arm to be jabbed by part of the aisle chair.  As a result of this series of events, Plaintiff alleges physical injury and damage to her wheel chair.

---

[1] Specifically, the Plaintiff cites 14 C.F.R. § 91.13, 14 C.F.R. 382.39, 14 C.F.R. 382.141, 14 C.F.R. 382.95, 14 C.F.R. 382.43, and 14 C.F.R. 382.131.

The proposed Amended Complaint alleges that Defendant violated the duties of care owed to Plaintiff established under the Federal Aviation Administration Regulations when providing wheel chair services for passengers. (Am. Compl. ¶ 21(a)-(k).)

**<u>Standard for Amendment of Pleadings</u>**

Under Fed. R. Civ. P. 15(a), the court should freely give leave to amend the pleadings "when justice so requires." However, if the amendment would be futile or there has been "undue delay, bad faith or dilatory motive on the part of the movant," leave to amend should not be given. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

Amendments to the complaint under Rule 15(a), "although liberally granted, rest within the sound discretion of the trial court." <u>Massarsky v. General Motors Corp.</u>, 706 F.2d 111, 125 (3d Cir. 1983). The primary consideration in deciding whether to grant leave is whether the non-moving party will be prejudiced by allowing a leave to amend. <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1414 (3d Cir. 1993)(internal citations omitted). Additionally, the court may deny leave where the amendment would be futile such that the amended complaint would not withstand a renewed motion to dismiss. <u>Massarsky</u>, 706 F.2d at 125.[2]

---

[2] In analyzing a Rule 12(b)(6) motion to dismiss, we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint the plaintiff may be entitled to relief." <u>Phillips v. County of</u>

**Discussion**

Defendants object to the within motion to amend on the grounds that it improperly "continue[s] to allege violations of state law standards of care and state law tort and contract theories" which are preempted by the FAA. (Def's Mem. Opp. to Mot. to Amend).  Specifically, the defendant asserts that the Amended Complaint continues to allege 1) state law negligence, carelessness and recklessness claims; 2) negligent bailment; and 3) breach of contract claims which are preempted by federal law.  Therefore, Defendant asserts that allowing the amendment would be futile because the amended complaint would not survive a subsequent motion to dismiss.  Plaintiff contends, however, that the amendments are not futile because the Amended Complaint alleges that Defendant violated a federal standard of care such that the pending motion to dismiss would be moot if leave were granted. (Pl.'s Mem. Mot. Amend.)

Federal law establishes the applicable standards of care in the field of aviation safety generally, thus preempting the entire field from state . . . regulation under principles of implied field preemption.  U.S.C.A. Const. Art. 6, cl; <u>Abdullah</u>

---

<u>Allegheny</u>, 515 F.3d 224, 223 (3d Cir. 2008) (citations omitted).  "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'"  <u>Id.</u> at 232 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965, 167 L. Ed. 929, 940 (2007)).  In other words, the plaintiff must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action.  <u>Id.</u> at 234.

4

v. American Airlines, Inc., 181 F.3d 363, 368 (3d Cir.1999).  In an aviation negligence action, a court must refer not only to specific federal regulations but also to the overall concept that aircraft may not be operated in a careless or reckless manner to determine the applicable standard of care.  Abdullah, 181 F.3d at 368; 14 C.F.R. § 91.13(a).  Although federal law preempts standards of aviation safety, traditional state remedies are preserved where the federal standard is violated.  Abdullah, 181 F.3d 363, 368 (3d Cir.1999) (holding federal law preempts state law in area of air safety and federal law establishes the applicable standard of care).  In the pleadings stage, "[p]laintiff need not show she will ultimately prevail; she need only show that she may be able to discover and to introduce evidence consistent with this allegation proving that defendant's careless or reckless operation . . . led to the injury entitling her to relief."  Levy v. Continental Airlines, Inc., No. 07-1266, 2007 WL 2844592, at *6, 2007 U.S.Dist.LEXIS 73027 at * (E.D.Pa. Oct. 1, 2007).

    The Plaintiff refers to the following provisions governing aviation for reference to the applicable federal standard of care: 1) 14 C.F.R. 91.13 which provides that "[n]o person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another." Id. at 369

5

(discussing 14 C.F.R. § 91.13); 2) 14 C.F.R. 382.39 provision of services and equipment; 3) 14 C.F.R. 382.95, entitled "What are carriers general obligations with respect to boarding and deplaning assistance?"

The Complaint alleges, *inter alia*, that Defendants failed to keep the wheel chair "under proper and sufficient control," failed to keep "sufficient lookout for obstructions," and that the chair was operated at an "unreasonable and improper speed," such that as a result the wheel chair was caused to fall forward causing injury, including disc herniation with cervical radiculopathy.  Based on these events, Plaintiff brings claims against the defendant for negligence to recover for physical damages and damages to Plaintiff's wheel chair, bailment, breach of contract and vicarious liability.

The amendment would not be futile because the FAA does not preempt state remedies, only the applicable standards of care. See Abdullah v. American Airlines, Inc., 181 F.3d 363, 368.  The allegations within the Amended Complaint point to specific federal standards and allege facts which the Plaintiff argues establish a breach of such standards.  For instance, 13 C.F.R. § 382.95 describes Defendants' obligations with respect to boarding and deplaning in order to safeguard the safety and dignity of passengers.  Plaintiff's allegation that the operation of the

wheel chair at an "improper speed," "without keeping proper lookout. . . for obstructions," and that Defendants "fail[ed] to properly utilize enough people" when transferring the Plaintiff may plausibly allege a cause of action. (Compl. 21(a)-(k).)  The Amended Complaint alleges state common law remedies through violations of pertinent provisions of federal aviation standards. See Levy v. Continental Airlines, Inc., No. 07-1266, 2007 WL 2844592, at *6, 2007 U.S.Dist. LEXIS 73027 (E.D.Pa. Oct. 1, 2007) (pleading that Plaintiff "suffered various injuries as a result of the ... broken and/or improperly closed overhead storage compartment" was sufficient to survive a 12(b)(6) motion).  As such, we find the proposed amendment here to be sufficient to withstand a Rule 12(b)(6) motion and we therefore grant the Plaintiff's Motion to Amend.

    An appropriate order follows.

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MARLENE CHAIT,                         :
                                       :
          Plaintiff,                   :   CIVIL ACTION
                                       :
     vs.                               :   No. 09-cv-940
                                       :
DELTA AIR LINES, INC., AIR             :
SERV CORPORATION and                   :
JOHN DOE/JANE DOE (1-10)               :
                                       :
          Defendants.                  :
```

## Order

AND NOW, this  30th  day of July, 2009, upon consideration of Plaintiff, Marlene Chait's, Motion for Leave to Amend her Complaint (Doc. No. 8) and Defendant's Response thereto (Doc. No. 14), it is hereby ORDERED that the Motion is GRANTED.  It is further ORDERED that Plaintiff SHALL file her Amended Complaint (Pl. Mot., Exh. B) within ten (10) days of the entry date of this Order.

                              BY THE COURT:



                              S/J. CURTIS JOYNER
                              J. CURTIS JOYNER, J.